# IN THE COURT OF APPEALS OF IOWA

No. 18-1108
Filed July 3, 2019

IN RE THE MARRIAGE OF KENT J. DEUTMEYER
AND KORTNEY L. DEUTMEYER

Upon the Petition of
**KENT J. DEUTMEYER,**
     Petitioner-Appellant,

**And Concerning**
**KORTNEY L. DEUTMEYER, n/k/a KORTNEY L. BURD,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

A petitioner appeals the denial of his petition to modify the custodial provisions of a dissolution decree. **AFFIRMED.**

Victoria D. Noel of The Noel Law Firm, Clinton, for appellant.

Dustin A. Baker of Henkels & Baker, PC, Dubuque, for appellee.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Kent and Kourtney Deutmeyer were married in 2011. They have one child, H.D., who was born in 2011. In March 2016, the district court entered a decree dissolving their marriage. Kourtney was granted sole legal custody and physical care. Kent was granted supervised visitation.

In August 2016, Kent filed the present modification action. Kent's petition asks the court to "modify[] custody of the minor child to [Kent] and grant[] him Primary Physical Care of the minor child."

On May 23, 2018, the district court ordered that Kourtney "shall continue to exercise sole legal custody." Kent appeals. Our review is de novo. Iowa R. App. P. 6.907.

On appeal, Kent asserts this court should reverse and remand for entry of an order awarding him sole legal custody as well as physical care. "A party seeking modification of the legal or physical custodial provisions of a dissolution decree must meet a high standard." *In re Marriage of Sawyer*, No. 09-0558, 2009 WL 2514176, at *4 (Iowa Ct. App. Aug. 19, 2009).

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*Id.* (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)).

In his brief, Kent discusses certain alleged changes in circumstances. But Kent also acknowledges that, to prevail, he must also carry the "heavy burden of showing that he has the ability to provide superior care" for the child. Nevertheless, Kent does not discuss *his* caregiving at all. Although he has several criticisms of Kourtney and her parenting, he offers no explanation as to why *his* caregiving would be *superior* to Kourtney's. *Cf. L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."). Moreover, a review of the record reveals scant evidence of Kent's caregiving abilities to compare against Kourtney's. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 37 (Iowa 2015) (reviewing record and concluding the father failed to establish that he had the superior "ability to minister to the needs of the children").

We conclude, therefore, Kent has failed to "prove an ability to minister more effectively to the [child]'s well being." *Frederici*, 338 N.W.2d at 158; *see also Hoffman*, 867 N.W.2d at 37 (noting if one parent cannot establish a superior ability to care for the child, then "custody should not be changed" (quoting *In re Marriage of Rosenfield*, 524 N.W.2d 212, 213 (Iowa Ct. App. 1994)). As a result, we also conclude Kent has failed to carry the "heavy burden" of showing that the child's best interest requires a change in custodial arrangements. We affirm.

**AFFIRMED.**